UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY ZIELINSKI, on behalf of himself and all others similarly situated,<br><br>                            Plaintiff,<br><br>-against-<br><br>ANTHONY ANNUCCI; JPAY, LLC; JULIE WOLCOTT; and D. LEONARD,<br><br>                            Defendants. | 22-CV-10050 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Great Meadow Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights while he was incarcerated at Attica Correctional Facility ("Attica"). For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Western District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights at Attica, a correctional facility located in Wyoming County, New York. He also asserts that Defendant JPay, LLC, is a corporation headquartered in Florida, but he does not plead the residence of the remaining defendants. Because Plaintiff indicates that the two correctional staff he names as defendants are employed at Attica and the alleged events occurred in Wyoming County, from the face of the complaint, it does not appear that venue is proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Wyoming County, which is in the Western District of New York. *See* 28 U.S.C. § 112(d). Accordingly, venue lies in the Western District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Western District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

This order closes this case in this court.

SO ORDERED.

Dated:   November 30, 2022
         New York, New York

                          /s/ Laura Taylor Swain
                          LAURA TAYLOR SWAIN
                          Chief United States District Judge